**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

RONALD ARMSTRONG,

      Petitioner,

v.                                           CIVIL ACTION NO. 5:24-cv-00568

W. HOLZAPFEL,

      Respondent.

## <u>ORDER</u>

Pending is Petitioner Ronald Armstrong's Petition for a Writ of Habeas Corpus [ECF 1], filed October 11, 2024.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on April 22, 2026. Magistrate Judge Tinsley recommended the Court deny Mr. Armstrong's petitions as moot inasmuch as he has been released from BOP custody. [ECF 9 at 3].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-*

*Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on May 11, 2026. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**ECF 9**], **DENIES AS MOOT** Mr. Armstrong's Petition for a Writ of Habeas Corpus [**ECF 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:        May 26, 2026

Frank W. Volk
Chief United States District Judge

---

[1] On April 23, 2026, a copy of the PF&R was mailed to Mr. Armstrong at Beckley Federal Correctional Institution but was returned as undeliverable on May 5, 2026. [ECF 10]. At this writing, the Bureau of Prisons' Inmate Locator indicates Mr. Armstrong was released from custody on February 13, 2026. Inasmuch as Mr. Armstrong has failed to keep the Court apprised of his current address as required by *Local Rule of Civil Procedure* 83.5, this matter is ready for adjudication.